UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| COLBERT NICHOLS,<br><br>　　　　　　　　　Petitioner,<br>　v.<br><br>ISIDRO BACA, et al.,<br><br>　　　　　　　　　Respondents. | Case No. 3:13-cv-00671-MMD-WGC<br><br>ORDER |

Petitioner has submitted an application to proceed *in forma pauperis* (dkt. no. 4). The Court finds that petitioner is unable to pay the filing fee.

Petitioner has submitted an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 5). The Court has reviewed the amended petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to submit a second amended petition that corrects the following defects.

Ground 1 is a statement of the law regarding ineffective assistance of counsel. Petitioner does not allege any facts about how his counsel was ineffective. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts "provides that the petition must 'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005). In the second amended petition, petitioner will need to allege facts indicating that counsel provided ineffective assistance.

Ground 2 actually contains two separate claims of ineffective assistance of counsel. First, petitioner alleges that counsel's cross-examination of an Officer D.T. Hosaka was brief, and that counsel "did not pursue numerous avenues of critical testimony." Petitioner has not stated the facts that support this claim, because he has not alleged what counsel should have asked Hosaka. Petitioner will need to correct this defect in the second amended petition. Second, petitioner alleges in ground 2 that counsel gave petitioner poor advice about a plea offer from the prosecution; petitioner declined the offer, went to trial, and received a sentence six times greater than what was in the offer. Petitioner needs to allege this claim in a separate ground for relief because it is distinct from the claim about the cross-examination of Hosaka.

Ground 3 is a claim that counsel gave petitioner poor advice to testify in his own defense, because counsel knew that petitioner was taking mental-health medication while at the county jail. Petitioner will need to re-allege this claim in the second amended petition, or it will be waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Petitioner submitted a motion to file an oversized petition when he commenced this action. The motion is moot because the amended petition (dkt. no. 5) is within the Court's page limits.

Petitioner has submitted a motion for evidentiary hearing. At this stage of the proceedings, the Court cannot conclude that an evidentiary hearing is necessary, and the Court denies the motion.

Petitioner has submitted a motion for appointment of counsel. Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate

from the underlying claims, but are intrinsically enmeshed with them. *Weygandt*, 718 F.2d at 954. After reviewing the petition, the court finds that appointment of counsel is not warranted.

It is therefore ordered that the application to proceed *in forma pauperis* (dkt. no. 4) is granted. Petitioner need not pay the filing fee of five dollars ($5.00).

It is further ordered that the Clerk of the Court file the motion to file oversized petition, the motion for evidentiary hearing, and the motion for appointment of counsel.

It is further ordered that the motion to file oversized petition is denied as moot.

It is further ordered that the motion for evidentiary hearing is denied.

It is further ordered that the motion for appointment of counsel is denied.

It is further ordered that the Clerk of the Court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file a second amended petition to correct the noted deficiencies. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims. Failure to comply with this order will result in the dismissal of Grounds 1 and 2 from this action.

It is further ordered that petitioner shall clearly title the second amended petition as such by placing the word "Second Amended" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number, 3:13-cv-00671-MMD-WGC, above the word "Amended."

DATED THIS 14th day of August 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE