UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COLBERT NICHOLS,<br><br>             Petitioner,<br><br>   v.<br><br>ISIDRO BACA, et al.,<br><br>             Respondents. | Case No. 3:13-cv-00671-MMD-WGC<br><br>ORDER |

Before the Court are the second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 14), respondents' motion to dismiss (dkt. no. 21), and petitioner's opposition (dkt. no. 26). The Court finds that petitioner has not exhausted his available state-court remedies for ground 3 of the second amended petition, and the Court grants respondents' motion in part.

After a jury trial, petitioner was convicted in state district court of second-degree murder with the use of a deadly weapon. Exh. 1 (dkt. no. 22). Petitioner appealed, and the Nevada Supreme Court affirmed. Exh. 9 (dkt. no. 22). The Nevada Supreme Court denied panel rehearing and *en banc* reconsideration. Exhs. 10, 11 (dkt. no. 22).

Petitioner then filed in state district court a post-conviction habeas corpus petition, and then he filed a supplement. Exhs. 12, 14 (dkt. no. 22). The state district court denied the petition. Exh. 16 (dkt. no. 22). Petitioner appealed, and the Nevada Supreme Court affirmed. Exh. 21 (dkt. no. 22).

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

"[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings *specifically* as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), *amended*, 247 F.3d 904 (9th Cir. 2001). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Petitioner claims in ground 3 that the trial court violated the Sixth and Fourteenth Amendments when it prohibited defense counsel from eliciting testimony about the decedent's violent past. Exh. 2 at 17-18 (dkt. no. 22). In the opening brief on direct appeal, he presented the same facts as an issue of state law. The opening brief has a reference to "due process," which is insufficient for presentation of an issue as a matter of federal law. *See Hiivala*, 195 F.3d at 1106. The reply brief does explicitly mention due-process protections of the Constitution of the United States. Exh. 4 at 6-8 (dkt. no. 22). However, petitioner cannot raise new claims in a reply brief in state court. *Elvik v. State*, 965 P.2d 281, 284 & n.6 (Nev. 1998). "Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

Petitioner did file a supplemental brief and a supplemental reply in the direct appeal. *See* Exhs. 6, 8 (dkt. no. 22). However, these briefs addressed a decision of the Supreme Court of the United States that had been announced while the direct appeal was pending, and they do not discuss further the issue in ground 3. Consequently, ground 3 is not exhausted.

Respondents argue that ground 15 is not exhausted in part, but the Court already dismissed ground 15.

The Court does not agree with respondents that it should dismiss other grounds for failure to state a claim. Respondents argue that the Court should dismiss grounds regarding admission of propensity evidence and the Confrontation Clause of the Sixth Amendment because the Supreme Court of the United States has not clearly established the law on either of these issues. Respondents' arguments go to both the merits of these grounds, and whether the Court should defer to the decisions of the Nevada Supreme Court under 28 U.S.C. § 2254(d). Respondents should raise these arguments in their answer.

Petitioner has filed a motion for enlargement (dkt. no. 25), and he already has filed his reply (dkt. no. 26). The Court grants this motion.

Petitioner has filed a motion for ruling. (Dkt. no. 30.) This order makes the motion moot.

The second amended petition (dkt. no. 14) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rushen*, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted ground 3 and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust ground 3, or he may move to stay this action while he returns to state court to exhaust ground 3. If petitioner chooses the second option, the Court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition. If petitioner

chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). If petitioner chooses the last option, he also will need to designate an alternative choice in case the Court declines to stay the action. Otherwise, the Court will dismiss the action.

It is therefore ordered that respondents' motion to dismiss (dkt. no. 21) is granted in part with respect to ground 3.

It is further ordered that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following:  (1) inform this Court in a sworn declaration that he wishes to dismiss ground 3 of his second amended petition (dkt. no. 14), and proceed only on the remaining grounds for relief, (2) inform this Court in a sworn declaration that he wishes to dismiss his second amended petition (dkt. no. 14) and this action to return to state court to exhaust his state remedies with respect to the claims set out in ground 3 of his second amended petition (dkt. no. 14), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in ground 3 of his second amended petition (dkt. no. 14), with a declaration of an alternative should the Court deny the motion to stay the action. Failure to comply will result in the dismissal of this action.

It is further ordered that if petitioner elects to dismiss ground 3 of his second amended petition (dkt. no. 14) and proceed on the remaining grounds, respondents shall file and serve an answer or other response to the remaining grounds within forty-five (45) days after petitioner serves his declaration dismissing those grounds. If respondents file and serve an answer, it shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

It is further ordered that if respondents file and serve an answer, petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

4

It is further ordered that petitioner's motion for enlargement (dkt. no. 25) is granted.

It is further ordered that petitioner's motion for ruling (dkt. no. 30) is denied as moot.

DATED THIS 29th day of September 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE