UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| COLBERT NICHOLS, | Case No. 3:13-cv-00671-MMD-WGC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, et al., | |
| Respondents. | |

I.  **SUMMARY AND BACKGROUND**

Before the Court are the second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 14), respondents' answer (ECF No. 35), and petitioner's reply (ECF No. 38). The Court finds that relief is not warranted, and the Court denied the second amended petition.

After a jury trial, petitioner was convicted of second-degree murder with the use of a deadly weapon. (Exh. 1 (ECF No. 22-1).) Petitioner appealed, and the Nevada Supreme Court affirmed. (Exh. 9 (ECF No. 22-9).)

Petitioner then filed a post-conviction habeas corpus petition in the state district court. (Exh. 12 (ECF No. 22-12).) The state district court appointed counsel, who filed a supplemental petition. (Exh. 14 (ECF No. 22-14).) The state district court denied the petition. (Exh. 16 (ECF No. 22-16).) Petitioner appealed, and the Nevada Supreme Court affirmed. (Exh. 21 (ECF No. 22-21).)

Petitioner then commenced this action. The second amended petition originally contained fifteen numbered grounds for relief. The Court dismissed ground 15 because it was a claim of error in the state post-conviction proceedings, which is not addressable in federal habeas corpus. (ECF No. 16.) Respondents filed a motion to dismiss, and the Court found that petitioner had not exhausted his available state-court remedies for ground 3. (ECF No. 31.) Petitioner elected to dismiss ground 3. (ECF No. 32.) Reasonable jurists would not find the Court's conclusions on these two grounds to be debatable or wrong, and the Court will not issue a certificate of appealability for these two grounds.

## II.  DISCUSSION

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

*Richter*, 562 U.S. at 100. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" *Id.* (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so

///

2

long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

*Id.* (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

*Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

*Richter*, 562 U.S. at 102.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.* at 103.

Some of petitioner's grounds repeat claims in other grounds. Ground 5 is a claim of ineffective assistance of trial counsel that sits between claims of trial-court error. For ease of analysis, the Court will address petitioner's grounds out of the order that he presents them.

**A.      Grounds 1 and 6**

Ground 1 is a claim that the trial court erred in admitting evidence of petitioner's uncharged criminal acts without first holding a hearing. On this issue, the Nevada Supreme Court held:

> Nichols argues that the district court erred in admitting testimony about uncharged acts without conducting a hearing pursuant to *Petrocelli v. State,* 101 Nev. 46, 692 P.2d 503 (1985), *superceded by statute as stated in Thomas v. State,* 120 Nev. 37, 44-45, 83 P.3d 818, 823-24 (2004). He asserts that the district court erred in admitting testimony from Charles Guadagnoli that, while in custody with Nichols, Nichols asked him to get one of the State's witnesses drunk and take him on vacation so that he could not testify at Nichols' trial.
>
> We review the district court's decision for an abuse of discretion. . . . There was no abuse of discretion because evidence that a defendant threatened a witness is directly relevant to the question of that defendant's guilt and does not constitute evidence of collateral acts that require a hearing prior to

3

>       its admission, . . . and evidence of attempts to bribe witnesses or procure
>       false testimony is admissible to show a consciousness of guilt . . . .

(Exh. 9 at 1-2 (ECF No. 22-9 at 2-3) (some citations omitted).) The Nevada Supreme Court's decision cannot be contrary to, or an unreasonable application of clearly-established federal law as determined by the Supreme Court of the United States because no such clearly-established federal law exists on this issue. *Alberni v. McDaniel*, 458 F.3d 860, 867 (9th Cir. 2006). *See also Carey v. Musladin*, 549 U.S. 70, 77 (2006). Ground 1 is without merit.

Ground 6 repeats ground 1. It, too, is without merit.

Reasonable jurists would not find the Court's conclusions on grounds 1 and 6 to be debatable or wrong, and the Court will not issue a certificate of appealability for these grounds.

**B.     Grounds 2 and 7**

Ground 2 is a claim that the trial court erred in refusing petitioner's proposed instructions. On this issue, the Nevada Supreme Court held:

>       Nichols argues that the district court erred in refusing to give his proposed heat-of-passion instruction and a modified self-defense instruction. Although Nichols' proposes instructions were correct statements of law, we conclude that the principles of law described in Nichols' proposed instructions were "fully, accurately, and expressly stated in the other instructions." . . . Therefore, we concluded that the district court did not abuse its discretion in denying the requested instructions.

(Exh. 9 at 4-5 (ECF No. 22-9 at 5-6).)

The Court doubts whether the Supreme Court of the United States has clearly established that the Constitution gives petitioner the right to request a jury instruction on his theory of defense. *Mathews v. United States*, 485 U.S. 58 (1988), which petitioner cited in his brief on direct appeal (Exh. 2 at 14 (ECF No. 22-2 at 20)), came to the Supreme Court through direct appeal from a judgment of conviction in a federal district court. The Court held that "a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor," but the

///

Court was acting solely within its supervisory role over criminal procedure in federal courts. 485 U.S. at 63. The Court did not apply any principle of constitutional law.

The court of appeals also has addressed this issue. In *Conde v. Henry,* 198 F.3d 734 (9th Cir. 1999), the court of appeals stated:

> It is well established that a criminal defendant is entitled to adequate instructions on the defense theory of the case. *See United States v. Mason,* 902 F.2d 1434, 1438 (9th Cir. 1990) ("A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence."); *United States v. Lopez,* 885 F.2d 1428, 1434 (9th Cir. 1989) (same), overruled on other grounds, *Schmuck v. United States*, 489 U.S. 705, 109 S. Ct. 1443, 103 L. Ed.2d 734 (1989); *United States v. Kenny*, 645 F.2d 1323, 1337 (9th Cir. 1981) (jury must be instructed as to defense theory of case, but exact language proposed by defendant need not be used).

198 F.3d at 739. *Conde* involved a federal habeas corpus petition filed before enactment of the current version of 28 U.S.C. § 2254(d)(1). *Conde* could, and did, rely solely upon earlier decisions of the court of appeals. *Id.* at 738. Petitioner cannot so rely. Then, in *Bradley v. Duncan*, 315 F.3d 1091 (9th Cir. 2002), the court of appeals stated:

> The Supreme Court has held that "[a]s a general proposition, a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63, 108 S. Ct. 883, 99 L. Ed.2d 54 (1988) (citation omitted). We have applied this standard to habeas petitions arising from state convictions. *See Conde v. Henry*, 198 F.3d 734, 739 (9th Cir. 1999) ("It is well established that a criminal defendant is entitled to adequate instructions on the defense theory of the case.").
>
> The failure to instruct the jury on entrapment deprived Bradley of his due process right to present a full defense. The Supreme Court has held: "Under the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness. We have long interpreted this standard of fairness to require that criminal defendants be afforded a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485, 104 S. Ct. 2528, 81 L. Ed.2d 413 (1984) (emphasis added).

315 F.3d at 1098-99.

As the Court already has noted, *Matthews* is not a constitutional case, and *Conde* involves a petition that pre-dates the current version of § 2254(d)(1). Only *Trombetta* possibly could be used as a clear establishment of a constitutional rule that petitioner is entitled to a jury instruction of his theory of defense. However, despite the expansive

language of *Trombetta* quoted in *Bradley*, the issue in *Trombetta* was whether the prosecution was required to preserve breath samples that were analyzed for alcohol content. *Trombetta* never mentioned anything about jury instructions. "[I]t is not 'an unreasonable application of' 'clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme Court of the United States]." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). It would appear that no clearly established constitutional law exists on whether petitioner had a right to insist on an instruction of his theory of defense, and thus the Nevada Supreme Court's decision was not contrary to, or an unreasonable application of, such clearly established law.

Even if *Bradley* still is good law, ground 2 would still be without merit. Petitioner's proposed instructions simply rephrased the instructions that the trial court actually gave to the jury. The concepts were the same. (Exh. 2 at 14-17 (ECF No. 22-2, at 20-23).) The Nevada Supreme Court reasonably could have concluded that petitioner's constitutional rights were not violated. Ground 2 is thus without merit.

Ground 7 repeats ground 2. It, too, is without merit.

Reasonable jurists would not find the court's conclusions on grounds 2 and 7 to be debatable or wrong, and the Court will not issue a certificate of appealability for these grounds.

C.     **Grounds 4 and 8**

Ground 4 is a claim that the admission of the autopsy report and testimony by a coroner who did not write that report violated the Confrontation Clause of the Sixth Amendment. On this issue, the Nevada Supreme Court held:

> Nichols argues that the district court erred in admitting the medical examiner's report through the testimony of a witness who was not present at the autopsy in violation of the Confrontation Clause because the medical examiner who performed the autopsy was not available to be cross-examined. . . . He further contends that the district court erred in admitting the testimony of a medical examiner who did not perform the autopsy.
>
> We conclude that the district court did not abuse its discretion in admitting Dr. Benjamin's expert testimony. Dr. Benjamin testified as an expert witness

> to matters "within the scope of [her specialized] knowledge," . . . based on facts or data "made known to [her] at or before the hearing," . . . that are "of a type reasonably relied upon by experts in forming opinions or inferences" and therefore "need not be admissible in evidence" . . . . Even assuming that the autopsy report was testimonial hearsay and therefore the admission of the report or testimony regarding facts contained in the report violated Nichols' confrontation rights, we conclude that the error was harmless. The facts concerning the matter in which the victim died were uncontested, and there was ample evidence in the form of testimony and autopsy photographs that the victim died as a result of the stab wounds.

(Exh. 2 at 3-4 (ECF No. 22-9 at 4-5) (citations and footnote omitted).)

The Sixth Amendment requires that when the state seeks to introduce testimonial statements given out of court, the declarant must be unavailable to testify and a prior opportunity for cross-examination must have existed. *Crawford v. Washington,* 541 U.S. 36 (2004). In the footnote omitted from the quotation above, the Nevada Supreme Court noted a split in authorities whether autopsy reports are "testimonial" within the meaning of *Crawford* and *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009). For the purposes of review under 28 U.S.C. § 2254(d)(1), this Court needs to determine whether the Supreme Court had clearly established a rule at the time of the Nevada Supreme Court's decision. *Green v. Fisher*, 565 U.S. 34, 38-39 (2011). The Nevada Supreme Court was correct that, at that time, courts were split whether an autopsy report is testimonial within the meaning of *Crawford* and *Melendez-Diaz*. The Nevada Supreme Court's decision could not be contrary to, or an unreasonable application of, clearly established law as determined by the Supreme Court of the United States, because the Supreme Court of the United States had not clearly established whether autopsy reports are testimonial. Ground 4 is without merit.

Ground 8, to the extent that petitioner is repeating his claim of a violation of the Confrontation Clause, is redundant to ground 4. To the extent that petitioner is claiming in ground 8 that the state district court violated state law in admitting this evidence, he has not presented a claim of a constitutional violation. *See Estelle v. McGuire*, 502 U.S. 62, 70 (1991). Ground 8 is without merit.

///

Reasonable jurists would not find the Court's conclusions on grounds 4 and 8 to be debatable or wrong, and the Court will not issue a certificate of appealability for these grounds.

### D. Ground 9

Ground 9 contains claims of prosecutorial misconduct. In the state court, petitioner raised this claim, and an accompanying claim of ineffective assistance of counsel, in his post-conviction habeas corpus petition. The Nevada Supreme Court addressed the ineffective-assistance claim, holding:

> Eighth, appellant claimed that his trial counsel was ineffective for failing to object to prosecutorial misconduct during closing arguments, as appellant claimed the State misstated the evidence and misstated the legal definition of murder and manslaughter. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. A review of the record reveals that the State's arguments were supported by evidence presented at trial and the State made reasonable inferences based on the evidence. . . . In addition, the State did not misstate the legal definition of murder and voluntary manslaughter. . . . Appellant failed to demonstrate a reasonable probability of a different outcome had counsel raised objections on these bases. Therefore, the district court did not err in denying this claim.

(Exh. 21 at 5 (ECF No. 22-21 at 6) (citations omitted).)

This Court presumes that the Nevada Supreme Court rejected the prosecutorial-misconduct ground on its merits. *See Johnson v. Williams*, 133 S. Ct. 1088, 1094-96 (2013). The prosecution's argument may include inferences from the evidence, and the Nevada Supreme Court reasonably could have concluded that was what the prosecution had done. Furthermore, the Nevada Supreme Court reasonably could have concluded that the prosecution did not misstate the definitions of murder and voluntary manslaughter, based upon what the prosecution said in the argument. (*See* Exh. 13 at 14-15 (ECF No. 22-13 at 15-16).) Ground 9 is without merit.

Reasonable jurists would not find the Court's conclusions on ground 9 to be debatable or wrong, and the Court will not issue a certificate of appealability for this ground.

///

///

### E. Remaining Grounds: Ineffective Assistance of Counsel

The remaining grounds are claims of ineffective assistance of counsel. A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," . . . and when the two apply in tandem, review is "doubly" so . . . . The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question
> is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Richter*, 562 U.S. at 105 (citations omitted).

#### 1. Ground 5

In ground 5, petitioner argues that trial counsel provided ineffective assistance because trial counsel did not cross-examine Dr. Benjamin, who testified about the coroner's report, about petitioner's self-defense theory. On this issue, the Nevada Supreme Court held:

> First, appellant claimed that his trial counsel was ineffective for failing to cross-examine the medical examiner. Appellant failed to demonstrate deficiency because counsel did cross-examine the medical examiner. To the extent that appellant claimed that his counsel should have posed different questions to the medical examiner, appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel questioned the medical examiner differently. Therefore, the district court did not err in denying this claim.

(Exh. 21 at 2 (ECF No. 22-21 at 3).) Petitioner has not shown that the Nevada Supreme Court's holding was an inaccurate statement of what happened at trial. (*See* Exh. 13 at 10 (ECF No. 22-13 at 11).) That holding was a reasonable application of *Strickland.*

Reasonable jurists would not find the Court's conclusions on ground 5 to be debatable or wrong, and the Court will not issue a certificate of appealability for this ground.

### 2. Ground 10

Ground 10 contains two claims of ineffective assistance of counsel. First, petitioner claims that counsel failed to investigate the prosecution witness Dawn Merriam, and thus counsel failed to cross-examine her effectively. On this issue, the Nevada Supreme Court held:

> Sixth, appellant claimed that his trial counsel failed to investigate the State's witnesses or to effectively cross-examine the State's witnesses. Appellant failed to demonstrate deficiency or prejudice because he made only a bare claim, which is insufficient to demonstrate that he is entitled to relief. . . . Therefore, the district court did not err in denying this claim.

(Exh. 21 at 4 (ECF No. 22-21 at 5).)  In ground 7 of petitioner's initial state post-conviction habeas corpus petition, he alleged that trial counsel was ineffective because counsel did not investigate and cross-examine effectively the prosecution witnesses. Petitioner did not identify who those witnesses were, nor what an investigation would have revealed for more effective cross-examination. (*See* Exh. 12 at 14 (ECF No. 22-12 at 15).) The Nevada Supreme Court's decision was a reasonable application of *Strickland*, because petitioner has the burden of pleading and proving deficient performance and prejudice.[1]

Second, petitioner claims that counsel failed to present mitigating evidence at sentencing. On this issue, the Nevada Supreme Court held:

> Ninth, appellant claimed that his counsel failed to present mitigation evidence at the sentencing hearing. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Counsel argued that the circumstances of this case supported the minimum

---

[1] Now, in this Court, petitioner has given a name, Dawn Merriam, but he still has not alleged what an investigation would have revealed or how counsel could have cross-examined her more effectively.

> sentence, which was the sentence imposed by the district court. In addition, appellant did not identify any mitigation evidence that counsel should have presented. As the district court agreed with counsel regarding the length of sentence, appellant failed to demonstrate a reasonable probability of a different outcome had counsel presented mitigation evidence. Therefore, the district court did not err in denying this claim.

(Exh. 21 at 5-6 (ECF No. 22-21 at 6-7).)

Petitioner was convicted of second-degree murder with the use of a deadly weapon. For the murder, the trial court sentenced petitioner to twenty-five years imprisonment with parole eligibility starting after a minimum of ten years. (Exh. 1 at 2 (ECF No. 22-1 at 3).) This was the lightest possible sentence for second-degree murder, because the other possible sentence is life imprisonment with eligibility for parole after a minimum of ten years. *See* Nev. Rev. Stat. § 200.030(5). For the use of a deadly weapon, the trial court sentenced petitioner to prison for a maximum term of sixty months and a minimum term of twenty-four months, consecutive to the sentence for second-degree murder. The use of a deadly weapon requires a consecutive sentence with a maximum term no more than twenty years and a minimum term no less than one year. Nev. Rev. Stat. § 193.165. A minimum term cannot exceed forty percent of a maximum term. Nev. Rev. Stat. § 193.130(1). Petitioner's sentence for the use of a deadly weapon was not the lightest possible sentence — that would appear to be a maximum term of 30 months and a minimum term of 12 months — but it was close, and it was much less than what the trial court could have imposed.

The Nevada Supreme Court also was correct that ground 7 of the initial state post-conviction habeas corpus petition did not identify what evidence counsel should have presented. (*See* Exh. 12 at 14 (ECF No. 22-12 at 15).) The Nevada Supreme Court's decision was a reasonable application of *Strickland,* because petitioner has the burden of pleading and proving deficient performance and prejudice.

Reasonable jurists would not find the Court's conclusions on ground 10 to be debatable or wrong, and the Court will not issue a certificate of appealability for this ground.

### 3. Ground 11

In ground 11, petitioner argues that trial counsel provided ineffective assistance because trial counsel did not protect petitioner's rights under the Confrontation Clause regarding Dr. Benjamin. On this issue, the Nevada Supreme Court held:

> Second, appellant claimed that his trial counsel was ineffective for allowing the medical examiner to testify, even though she only reviewed the autopsy report and did not perform the actual autopsy. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel objected to the medical examiner's testimony on that basis, but the district court denied the objection. Appellant cannot demonstrate prejudice because the underlying claim was raised on direct appeal and this court rejected that claim, concluding that the medical examiner properly testified as an expert witness and, even assuming error in the admission of the autopsy report through a medical examiner that did not perform the autopsy, any error was harmless. . . . Therefore, the district court did not err in denying this claim.

(Exh. 21 at 2 (ECF No. 22-21 at 3).) As noted above, the underlying issue was without merit because the Supreme Court of the United States has not clearly established whether an autopsy report is "testimonial" within the meaning of *Crawford*. More important, counsel did what petitioner claims that counsel should have done. The Nevada Supreme Court reasonably applied *Strickland*. Ground 11 is without merit.

Reasonable jurists would not find the Court's conclusions on ground 11 to be debatable or wrong, and the Court will not issue a certificate of appealability for this ground.

### 4. Ground 12

Ground 12 is a claim that trial counsel provided ineffective assistance by not preparing petitioner properly for his testimony and because counsel proceeded with the trial even though petitioner was on anti-psychotic medication. On these issues, the Nevada Supreme Court held:

> Third, appellant claimed that his trial counsel was ineffective because counsel only spent one hour preparing appellant for his testimony and discussing the consequences of appellant testifying. Appellant failed to demonstrate that he was prejudiced. During trial, the district court explained to appellant that he had to decide whether to testify, and that he would be subject to cross-examination if he did testify. Appellant stated that he understood and had no questions. Given that discussion, appellant failed to

> demonstrate a reasonable probability of a different outcome had counsel further discussed anything with appellant. Therefore, the district court did not err in denying this claim.
>
> Fourth, appellant claimed that his trial counsel should not have proceeded with the trial because counsel knew appellant was under the influence of antipsychotic medication during the trial. Appellant failed to demonstrate deficiency or prejudice because he made only a bare claim that he was under the influence of medication during trial and did not explain how that medication affected his ability to participate in the trial. . . . To the extent appellant claimed the medication made him incompetent, he failed to demonstrate that he did not have the ability to consult with his attorney with a reasonable degree of rational understanding and that he did not have a rational and factual understanding of the proceedings against him. . . . Therefore, the district court did not err in denying this claim.

(Exh. 21 at 2-3 (ECF No. 22-21 at 3-4) (citations omitted).) The equivalent claim in the state post-conviction proceedings was ground 2 of the supplemental petition. There, petitioner did not allege any facts that supported either of the issues that he presented in the ground. (Exh. 14 at 2-3 (ECF No. 22-14 at 3-4).) The Nevada Supreme Court reasonably applied *Strickland* when it determined that petitioner had not demonstrated deficient performance or prejudice. Ground 12 is without merit.

Reasonable jurists would not find the Court's conclusions on ground 12 to be debatable or wrong, and the Court will not issue a certificate of appealability for this ground.

### 5. Ground 14

Ground 14 is a claim that trial counsel did not adequately investigate an exhibit admitted into evidence. On this issue, the Nevada Supreme Court held:

> Seventh, appellant claimed that his counsel was ineffective for failing to review a document prior to its admission into evidence, as counsel was unaware that the document had writing on the back. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Shortly after the document was admitted into evidence, counsel objected and said that the State had now informed him that there was writing on the back of the exhibit. The State then recalled its witness, who explained the writing. The district court then readmitted the document with the writing on the back. Given this situation, appellant failed to demonstrate that counsel's actions were objectively unreasonable. As the writing was explained by the witness and the document admitted into evidence by the district court, appellant failed to demonstrate a reasonable probability of a different outcome had counsel reviewed the document in more detail. Therefore, the district court did not err in denying this claim.

13

(Exh. 21 at 4-5 (ECF No. 22-21 at 5-6).) At most, petitioner has described an embarrassing incident that had no reasonable probability of a different outcome of the trial. If counsel had noticed the writing on the back of the document before its initial admission, then questions would have been asked about that writing before the initial admission, and then the document would have been admitted. Either way, the document ultimately would have been admitted into evidence. The Nevada Supreme Court reasonably applied *Strickland.*

Reasonable jurists would not find the Court's conclusions on ground 14 to be debatable or wrong, and the Court will not issue a certificate of appealability for this ground.

### 6. Ground 13

Ground 13 contains three claims of ineffective assistance of appellate counsel.[2] "A first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985). Appellate counsel need not raise every non-frivolous issue on appeal to be effective. *Jones v. Barnes,* 463 U.S. 745, 751-54 (1983). A claim of ineffective assistance of appellate counsel is evaluated the same way that a claim of ineffective assistance of trial counsel is evaluated. *Miller v. Keeney*, 882 F.2d 1428, 1433-34 (9th Cir. 1989).

First, petitioner claims that appellate counsel failed to raise a claim that the prosecution had failed to disclose X-rays of the victim's wounds, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). On this issue, the Nevada Supreme Court held:

> First, appellant claimed that his appellate counsel should have argued that the State withheld exculpatory evidence in the form of x-rays from the autopsy of the victim. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Given appellant's testimony that he stabbed the victim twice, he failed to demonstrate that x-

---

[2]Petitioner copied the allegations in ground 13 *verbatim* from ground 3 of the supplemental state post-conviction habeas corpus petition. (Exh. 14 at 3 (ECF No. 22-14 at 4).) They refer to grounds 2, 3, and 6 of the original petition, by which petitioner means the original *state* habeas corpus petition. (Exh. 12 (ECF No. 22-12).)

> rays from an autopsy of the victim would have been favorable. . . . In addition, appellant did not demonstrate that the State actually withheld the x-rays or that the x-rays could not have been uncovered through diligent investigation by the defense. . . . Finally, appellant failed to demonstrate that he was prejudiced by any failure to disclose the x-rays, as he did not demonstrate a reasonable probability of a different outcome at trial had he possessed that evidence. . . . Therefore, the district court did not err in denying this claim.

(Exh. 21 at 6-7 (ECF No. 22-21 at 7-8) (citations omitted).) Petitioner stabbed the victim, who died a short time later. That was not in dispute. What was in dispute was whether petitioner acted in self defense. X-rays would not answer that question. Furthermore, the autopsy report itself referenced the x-rays. (Exh. 6 (ECF No. 22-6 at 20).) If petitioner wanted to review the x-rays, then he had the information needed to request them. The Nevada Supreme Court reasonably applied *Strickland*.

Second, petitioner claims that appellate counsel failed to appeal the district court's admission of evidence of other uncharged acts without holding a hearing. On this issue, the Nevada Supreme Court held:

> Second, appellant claimed that his appellate counsel was ineffective for failing to argue that the district court erred by failing to hold a hearing pursuant to *Petrocelli v. State*, 101 Nev. 46, 51-52, 692 P.2d 503, 507-08 (1985) before admitting testimony that appellant asked a fellow inmate at the pretrial detention center to ensure that a witness was not available to testify and for prohibiting testimony about the victim's violent character. Appellant cannot demonstrate deficiency or prejudice for these claims because both of the underlying claims were raised on direct appeal and rejected by this court. . . . Therefore, the district court did not err in denying this claim.

(Exh. 21 at 7 (ECF No. 22-21 at 8) (citation omitted).) Appellate counsel did raise the issues that petitioner argues he should have raised. (Exh. 2 at 10-13 (ECF No. 22-2 at 15-19).) The Nevada Supreme Court ruled on their merits. (Exh. 9 at 1-2 (ECF No. 22-9 at 2-3).) The Nevada Supreme Court's decision was a reasonable application of *Strickland*.

Third, petitioner claims that appellate counsel failed to argue that the prosecution had committed misconduct. On this issue, the Nevada Supreme Court held:

///

Third, appellant claimed his appellate counsel was ineffective for failing to argue that the State committed prosecutorial misconduct during closing arguments, as appellant claimed the State misstated the evidence and misstated the legal definition of murder and manslaughter. Appellant failed to demonstrate his counsel's performance was deficient or that he was prejudiced. As discussed previously, the State's arguments were supported by the evidence presented at trial and the State did not misstate the definition of murder and voluntary manslaughter. Therefore, the district court did not err in denying this claim.

(Exh. 21 at 7 (ECF No. 22-21 at 8).) This part of ground 13 is without merit for the same reasons why ground 9 is without merit.

Reasonable jurists would not find the Court's conclusions on ground 13 to be debatable or wrong, and the Court will not issue a certificate of appealability for this ground.

### III.  CONCLUSION

It is therefore ordered that the second amended petition for a writ of habeas corpus (ECF No. 14) is denied. The Clerk of the Court will enter judgment accordingly and close this action.

It is further ordered that a certificate of appealability is denied.

DATED THIS 7th day of March 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE