UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

COLBERT F. NICHOLS,

Petitioner,

v.

ISIDRO BACA, *et al.*,

Respondents.

Case No. 3:13-cv-00671-MMD-WGC

ORDER

Before the Court is the parties' joint motion for a scheduling order. (ECF No. 54.) The Court will largely adopt the parties' recommendations, as specified below.

It is therefore ordered that the joint motion for scheduling order (ECF No. 54) is granted.

It is further ordered that Petitioner will have 60 days from the date of entry of this order to file an amended petition for a writ of habeas corpus.

It is further ordered that Respondents will have 60 days from the date of filing of the amended petition to file a motion to dismiss or an answer.

It is further ordered that, if Respondents file a motion to dismiss, Petitioner will have 30 days from the date of filing to file an opposition to the motion to dismiss, and Respondents will have 30 days from the date of filing of the opposition to file a reply.

It is further ordered that, if Respondents file an answer, Petitioner will have 45 days from the date of filing of the answer to file a reply.

It is further ordered that any procedural defenses raised by Respondents to the amended petition must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to

potential waiver. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the Court.

DATED THIS 25th day of July 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE